IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | |
|---|---|
| MICHAEL DESHAUN WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 622-047 |
| ) | |
| VIDALIA ORTHOPEDIC CENTER, LLC, ) | |
| et. al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. (Doc. no. 7.) In addition to filing objections, Plaintiff filed a second amended complaint. (Doc. no. 8.) Although leave to amend under Fed. R. Civ. P. 15(a) is generally given freely, Foman v. Davis, 371 U.S. 178, 182 (1962), leave is not guaranteed, and a trial court may deny such leave "in the exercise of its inherent power to manage the conduct of litigation before it." Reese v. Herbert, 527 F.3d 1253, 1263 (11th Cir. 2008). "In making this determination, a court should consider whether there has been undue delay in filing, bad faith or dilatory motives, prejudice to the opposing parties, and the futility of the amendment." Saewitz v. Lexington Ins. Co., 133 F. App'x 695, 699 (11th Cir. 2005) (*per curiam*) (quoting Foman, 371 U.S. at 182). The Court **DENIES** leave to file the second amended complaint because permitting amendment based on such a shotgun pleading would be futile. The second amended complaint alleges state law

claims for medical malpractice and workers' compensation violations. Merely listing federal statutes and blithely alleging a far-flung conspiracy, with no attempt to allege supporting factual details, fails to state a claim or a basis for federal jurisdiction. Accordingly, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **DISMISSES** this case without prejudice, and **CLOSES** this civil action.

SO ORDERED this 9th day of August, 2022, at Augusta, Georgia.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA